(Dec. 3, 1923. Rehearing Denied by Division C Jan. 7, 1924.)

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

George Sladovich, of New Orleans, for appellant.

A. D. Danziger, of New Orleans, for appellee.

By Division A, composed of O'NIELL, C. J., and ROGERS and BRUNOT, JJ.

O'NIELL, C. J. Plaintiff has appealed from a judgment rejecting her demand for damages. She avers that the defendant, without any right whatever, took her household furniture and effects out of her house and carted them away. His answer to the suit is that he bought the furniture and effects from a man who lived in the house, paid the rent and owned the furniture; and that plaintiff was there and consented to the transaction.

She and another woman testified for her side of the case, and the defendant and another man testified for his side. The judge of the civil district court took the testimony of the plaintiff and her friend cum grano salis, and was ready to dismiss the suit before hearing testimony from the other side. The question of veracity was the only question in the case; and we have no reason to doubt that the decision of it is right.

The judgment is affirmed, at appellant's cost.

Rehearing refused by Division C, composed of Justices OVERTON, ST. PAUL, and THOMPSON.

---

(98 South. 657)

No. 24040.

## CRETTET v. NEW ORLEANS CITY R. CO. et al.

(Dec. 10, 1923.)

(Syllabus by Editorial Staff.)

Carriers ⬚339—Negligence of passenger attempting to flag approaching street car held proximate cause of accident.

In an action for the killing of plaintiff's mother, who stepped off an alleged defectively lighted platform for passengers, and was struck by defendant's street car which she was attempting to flag where there was sufficient light from the approaching car to permit deceased to see where she was stepping if she had used ordinary care, her failure to do so *held* the proximate cause of the accident.

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Action by Marcel E. Crettet against the New Orleans City Railroad Company and others. Judgment for defendants and plaintiff appeals. Affirmed.

Paul L. Fourchy, of New Orleans, for appellant.

Dart, Kernan & Dart, of New Orleans, for appellees.

By Division B, composed of Justices DAWKINS, LAND, and LECHE.

DAWKINS, J. Plaintiff seeks to recover damages for the death of his mother who was killed by one of defendant's cars.

Defendant denies the negligence charged, and avers that the accident was caused through the fault of deceased.

The judge below found for defendant, and plaintiff appeals.

### Opinion.

Deceased and her husband were waiting to board one of defendant's cars which ran on the tracks that connect Spanish Fort and West End (lakeside resorts) with the business

center of New Orleans. They were in a small station consisting of a roof, with three sides inclosed, and the fourth opening upon a platform 8 to 10 feet long which extended out toward, along, and to within about 2 feet of the rail. It was some 12 inches above the ground, with a step midway between; but the step of the street car extended out and approximately to and just above the level of the platform, so that passengers might step from it to the cars. The station was wired for lights, but on this particular night (about 10:30 ·p. m.), which was very dark, with a slight mist falling, no lights were burning. In explanation, it was asserted that some one (probably small boys with sling-shots or "nigger shooters") had broken the globes, and for this reason it was hard to keep lights in such an exposed and unattended place.

It is the contention of plaintiff that defendant was guilty of negligence in not keeping the station lighted; that deceased could not see, and when she walked out to flag the car she slipped or fell off the platform onto the track, and was struck before she could escape. On the other hand, defendant maintains that deceased was familiar with the situation, because she had made several visits there before, and that, in any event, ample light was afforded by the headlight of the approaching car and that she carelessly stepped on the track and into the path of the moving car at a time when it was impossible for the motorman to stop and avoid striking her.

The trial judge evidently concluded that there was sufficient light from the approaching street car to permit deceased to see where she was stepping if she had used ordinary care, and that her failure to do so was the proximate cause of the accident. After carefully considering the matter, we do not feel that we can reach a different conclusion, and the judgment is affirmed, with costs.